[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION (DOCKET ENTRY NO. 145)
On May 6, 1999, the plaintiff was served with a Motion to Show Cause why alimony and child support should not be modified. The return date was May 13, 1999. On June 17, 1999, this matter was referred to the undersigned for hearing. This is the second time this matter has been heard on modification in less than a year. On October 27, the undersigned granted defendant's Motion for Modification dated January 12, 1998. (See docket entry number 144.) As before, this motion has been filed pursuant to the provisions of § 46b-86(a) of the General Statutes.
On March 11, 1997, the marriage of the parties was dissolved after a contested hearing before the Honorable John Moran. At that time, the defendant was ordered to pay $6,750 per month ($81,000 per annum) as unallocated alimony and support for the plaintiff and the two minor children, Emma and Taylor who are now 9 and 7 respectively. On October 27, 1998, the order for unallocated alimony and support was modified to a net of $4,120 per month ($49,440 per annum). At the time of that modification, the court found the defendant's annual income to be $121,333, reduced from $185,000 per year. The defendant claims, now, that his income has been reduced again.
In 1999 the defendant's income has again dropped significantly. In 1999 to June 30, he received the total sum of $18,000 by way of income from employment. He received an additional $1,000 by way of distributions during the month of July. It would appear that his best hope for the year is $45,000 to $50,000.
As was true in October last year, the defendant continues in good health. The defendant remains a physical therapist and a partner in the Riverview Sports Medicine and Physical Therapy Center, P.C. The practice has been further impacted by managed health care. The practice continues to have about the same number of patients but the average number of visits approved by managed care for treatments has been reduced from eighteen to ten. The amount of reimbursement has been cut by close to five percent. To CT Page 12019 make money like they did before, the partners would have to double or triple the number of patients and this they have been unable to do. Both partners are working to promote new business, but so far have met with little success.
The defendant has remarried since the decree of dissolution and has a child, Hannah, for whom he has the responsibility of support.
The plaintiff, as before, continues in the employ of People's Bank as a teller. She earns a gross of $850.00 per month ($198.00 per week) and a net of $584.00 per month ($136.00) per week. She has testified that she averages 25 hours per week. At $9.00 per hour, her current hourly rate, she should be averaging $225.00 per week gross or $967.00 per month.
There is no question but that there has again been a substantial change in the defendant's circumstances such that there must be a modification and the court does so find.
Having found a substantial change of circumstances, the court must then consider the factors of §§ 46b-82, 46b-84 and the provisions of § 46b-215(b) of the General Statutes. As before, the defendant continues to exercise visitation in accordance with the parties' agreement of January 29, 1997, so that the children are with him forty percent of the time.
The defendant has paid the arrearage of $15,210.25 found by the court in its Memorandum of Decision of October 27, 1998. He did this by borrowing from his father and paid this back to his father with part of the money from his 1998 Federal and State Income Tax refunds. He has paid the plaintiff forty percent of all monies he has received since January 1 of this year. To July 15, he had paid the plaintiff $12,065 and owed her an additional $16,775 less any payments during the period July 15 to July 31, 1999, based upon the previous orders.
The defendant reports in his financial affidavit $117,000 in total assets with his interest in the partnership valued at $100,000. He had previously valued this interest at $200,000. He reports liabilities in the amount of $145,000. The plaintiff in her financial affidavit reports $92,600 in liabilities with total assets of $65,199. (plaintiff's financial affidavit reports one half this amount, but this appears to be in error.)
It is clear that there will have to be substantial changes CT Page 12020 made by each of these parties in the future. Clearly, the defendant will have to make drastic changes in his business arrangements and expenses to realize greater net income. There is no way two households can be maintained on his present income. So, too, the plaintiff's income picture will have to change. The children will be in school full time this coming year so that there is the opportunity for the plaintiff to seek full time employment.
In its earlier memorandum of decision, this court stated as follows:
 "While the defendant seeks a sliding scale arrangement based upon his net income, the court prefers an order fixing a sum so that both parties are aware of what has to be paid and what may be expected on a monthly basis. When a substantial change occurs in the circumstances of either party, either party is free to file a motion for modification. It is for precisely this reason that the legislature in its wisdom has enacted § 46b-86(a) of the General Statutes."
The income picture of the parties is going to change, and it makes little sense for the parties to have to keep on returning to court for further orders. For that reason, the court is going to adopt a sliding scale arrangement in this case as originally suggested by defendant's counsel.
Effective May 6, 1999, unallocated alimony and support shall be modified as follows:
1. For the first $50,000 of money received from all sources including capital gains upon the sale of principal assets, the defendant shall pay forty-five (45%) per cent of each dollar received, except for money received by way of reimbursement. The term "money received" shall include refunds on federal and state income taxes, but shall not include money gifted by family members or money received by way of loans.
2. For the second $50,000 of money received from all sources, the defendant shall pay forty-three (43%) percent of each dollar received.
3. For the next $50,000 of money received from all sources, the defendant shall pay forty (40%) percent of each dollar received.
CT Page 12021 4. For the next $50,000 of money received from all sources, the defendant shall pay thirty-five (35%) percent of each dollar received.
5. For the next $50,000 of money received from all sources, the defendant shall pay thirty (30%) percent of each dollar received.
Monthly payments of unallocated alimony and support shall in no event be less than $1,000.00 per month of which one half shall be paid on the first of each month and one half on the fifteenth of each month.
Payments of unallocated alimony and support shall be made on the first and fifteenth of each month. The amount of unallocated alimony and support shall be determined by the amount of dollars received by the defendant from the businesses known as Riverview Sports Medicine and Physical Therapy, P.C. and Integrated Rehabilitation Services, L.L.C., or any other source that may be distributing money to the defendant whether as a corporation, partnership or any other entity. The limiting language of paragraph 1 above shall apply to all payments received by the defendant.
The defendant shall verify to the plaintiff the amount of money he receives each month certified by the accounting firm of the defendant's businesses and which shall be supplemented by certified quarterly statements furnished to the plaintiff. For such money the defendant receives from sources other than his businesses, like statements shall be furnished to the plaintiff monthly, sworn to under oath by the defendant and notarized.
Because of the court's retroactive modification to the date of service of this motion, the amount of arrearage will have to be computed. Counsel shall agree upon the arrearage or shall return to court for hearing and further orders on this issue. Counsel shall agree upon a time table for payment of the arrearage or shall return to court for further orders on this issue. Whether by agreement or otherwise, further orders must be entered upon the arrearage and payment of the same.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 12022